## DONOVAN v. GILLIES COFFEE CO.

(Supreme Court, Appellate Term. June 30, 1908.)

**1. LANDLORD AND TENANT—DEFECTIVE PREMISES—PERSONAL INJURIES—LIABILITY OF LANDLORD.**

A lessor of premises cannot be held liable for the negligent leaving of an open, unguarded cellarway in the sidewalk fronting the leased premises, resulting in an injury to a person falling therein, where the lessor was not in possession of the premises and had no control thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 668–684.]

**2. SAME—NUISANCE—LIABILITY OF LANDLORD.**

A person injured by falling into an open, unguarded cellarway in a sidewalk fronting leased premises cannot recover from the lessor, who was not in possession or control of the premises, on the theory of the maintenance of a nuisance, without a showing that the maintenance of the opening was in violation of some law or ordinance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 668–684.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-trict.

Action by Bartholomew M. Donovan against the Gillies Coffee Company for injuries sustained by falling into an open cellarway. From .a judgment for plaintiff, defendant appeals. Reversed, and new trial ·ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and .SEABURY, JJ.

Nadal, Carrere & Jones (Edward P. Mowton, of counsel), for appellant.

H. G. McDowell (Rodolphe Claughton, of counsel), for respondent.

MacLEAN, J. The plaintiff brought this action to recover for injuries received from falling into a cellarway in front of premises No. 90 Park Place, of which the defendant was not in occupation or possession, but which it had, and for seven or eight years last past leased to another. The evidence disclosed that the cellarway was in the sidewalk, was about four feet wide and five feet deep, and had no guard, railing, light, etc., for the protection of passers-by.

If the complaint be treated as one for negligence, the defendant is not liable, because it was neither in possession nor control of the premises. If it be treated as one for nuisance, evidence to establish the liability of the defendant as for a nuisance by its demise is insufficient, as the maintenance of such an opening was not shown to have been in violation of any law or ordinance.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.